UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:04CV-077-M**

**DANIEL E. PETERS**                                                                                          **PLAINTIFF**

**V.**

**CSX TRANSPORTATION, INC.; WILLIAM
FUGATE; AND MILLER BUILDING SUPPLY,
INC., A CORPORATION**                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by one of the Defendants, CSX Transportation, Inc., for summary judgment [DN 19]. Fully briefed, this matter stands ripe for decision. For the following reasons, the motion by Defendant, CSX, for summary judgment is **DENIED.**

### I. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

This action arises out of an injury sustained by Plaintiff, Daniel E. Peters ("Peters"), on June 18, 2002 in Madisonville, Kentucky while employed with Defendant, CSX Transportation, Inc. ("CSX"). Defendant William Fugate ("Fugate"), an employee of Defendant Miller Building Supply, Inc. ("Miller") drove into a barricade which the Plaintiff was holding, thus causing the accident.

The Plaintiff was employed by CSX as an assistant foreman. In this capacity, Plaintiff worked on jobs near roadways that disrupted vehicular traffic. According to Plaintiff, the first thing his crew does upon arrival at a jobsite is to put up the barricades to ensure the road is blocked. This procedure was part of CSX's safety routine, and Plaintiff followed that procedure on this occasion. According to the Plaintiff, safety is important to everyone at

Case 4:04-cv-00077-JHM-ERG   Document 25   Filed 01/06/06   Page 3 of 8 PageID #: 148

CSX, and workers at various jobs were required to wear an orange vest and a hard hat.

On the morning of the accident, Fugate proceeded to the railroad crossing which he usually crossed on his way to work but found it barricaded and blocked off by men working on the railroad. He saw the barricades about three blocks before the crossing. Needing to cross the railroad, Fugate then proceeded down Westside to cross at the Moss Avenue crossing. The Plaintiff was working at the Moss Avenue crossing. Fugate testified that it never crossed his mind that a railroad crew might also be working at the Moss Avenue crossing. As Fugate neared Moss Avenue, he stopped at a stop sign sixty-nine feet from the crossing. According to the Plaintiff, he had already put up a barricade across Moss Avenue about mid-way between the crossing and the stop sign. He was still tying a sign to one of the barricades at the time of the collision. Fugate related that the sun bothered him at the intersection but that he could clearly see the crossing from the stop sign. At the time, he was wearing transition glasses which darken the sun. Fugate looked to his left and his right and saw no traffic or other obstruction to his progress. He turned left to go over the railroad and saw the barricade but could not to stop in time. Fugate struck the barricade which the Plaintiff was holding at the time. As a result of the accident, Plaintiff claims to have suffered physical injuries. Plaintiff asserts claims against CSX pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et seq. CSX seeks summary judgment.

### III. DISCUSSION

In its motion for summary judgment, CSX contends that the record is devoid of evidence of negligence on the part of CSX; rather, CSX asserts that the negligence of Fugate

is theسسsole cause of Plaintiff's injuries and damages. In response, the Plaintiff notes that the FELA is liberally interpreted, and Plaintiff only needs to meet a low threshold to survive summary judgment. Plaintiff candidly admits that his evidence of negligence is slight, but he contends that CSX knew that motorists had crashed into its barricades in the past and that it was negligent in not placing warning signs in advance of the barricaded area.

FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier ..." 45 U.S.C. § 51. In FELA actions, federal substantive law governs. St. Louis Southwestern Ry. v. Dickerson, 470 U.S. 409, 411 (1985)). FELA is "a remedial and humanitarian statute that was specially enacted by Congress to afford relief to employees from injury incurred in the railway industry." Edsall v. Penn Cent. Transp. Co., 479 F.2d 33, 35 (6th Cir. 1973). It was enacted in part to alleviate the physical dangers of railroading. Conrail v. Gottshall, 512 U.S. 532, 556 (1994). Thus, FELA plaintiffs have a lower standard of proof than plaintiffs in ordinary negligence cases. See Harbin v. Burlington Northern R.R., 921 F.2d 129, 131 (7th Cir. 1990) ("It is well established that the quantum of evidence required to establish liability in an FELA case is much less than in an ordinary negligence action."). The Supreme Court has described the FELA plaintiff's burden as follows: "[u]nder this statute, the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. Rogers v. Missouri Pacific

R.R., 352 U.S. 500, 506 (1957). The Supreme Court in Rogers also discussed the quantum of proof needed to survive summary judgment:

> Under [the FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due "in whole or in part" to its negligence.

Id. at 506-07.

In order to recover pursuant to the FELA, a plaintiff must present more than a scintilla of evidence. Aparicio v. Norfolk & W. Ry., 84 F.3d 803, 810 (6th Cir. 1996). However, due to the low threshold of FELA, "precious little more" than a scintilla, or "not much more" is required. Id. To prove that the employer was negligent, the FELA plaintiff must "'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" Adams v. CSX Transportation, Inc., 899 F.2d 536, 539 (6th Cir. 1990) (quoting Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987)). As to the elements, the court in Aparicio stated,

> While a railroad has a duty to use ordinary care to protect employees from known dangers, Urie v. Thompson also established that a railroad breaches its duty to its employees by failing to provide a safe working environment if it knew or should have known that it was not acting adequately to protect its

> employees. "We think that negligence, within the meaning of the Federal Employers' Liability Act, attaches if the [employer] 'knew, or by the exercise of due care should have known,' that prevalent standards of conduct were inadequate to protect petitioner and similarly situated employees." Urie, 337 U.S. at 178. In Green, we stated that "the defendant's duty [in a Federal Employers' Liability Act case] is measured by what a reasonably prudent person should or could have reasonably anticipated as occurring under like circumstances." 763 F.2d at 809 (citations omitted).

Aparicio, 84 F.3d at 811.

Nonetheless, mere "speculation, conjecture and possibilities" are insufficient to survive summary judgment. Prosser and Keeton on The Law of Torts § 80 (W. Keeton, D. Dobbs, R. Keeton, & D. Owen 5th ed. 1984).

CSX insists that advance warning signs were not necessary to provide a safe working environment and would not have prevented this accident because Fugate still operated his vehicle negligently and carelessly despite all the other warnings of work in progress. CSX argues that the Plaintiff has failed to present any evidence to suggest that additional warning signs would have caused Fugate to proceed more carefully and would have prevented him from running into the barricade. CSX asserts that any finding of negligence on its part would be based on pure conjecture.

Given the very low threshold that is needed to survive summary judgment in FELA cases, the Court believes the Plaintiff's claims against CSX should survive. The question presented here is whether advance warnings signaling a street closing are required to assure a reasonably safe work environment. A jury could easily conclude that advance warnings are necessary to better insure against a driver who, for whatever reason, is likely not to yield

to a barricade across the street. Advance warnings signs are simply another tool designed to draw the attention of the driver to the obstruction ahead. The jury would not be speculating to conclude that the existence of additional warnings would increase the likelihood that Fugate's attention would have been drawn to the barricade before he struck it. Whether it is more likely than not that Fugate would have seen the advance warnings and heeded them is an issue the jury can determine from the circumstances without guesswork. Thus, a jury could find that CSX's failure to provide advance warnings played at least a slight role in causing the Plaintiff's injuries.

As for CSX's arguments based on superseding and intervening causation, "[u]nder FELA, the question of whether the injury could be attributed to other causes... is not relevant to the issue of liability because the statute expressly imposes liability on the employer for an injury due 'in whole or in part' to its negligence. Haworth v. Burlington Northern & Santa Fe Ry., 281 F. Supp. 2d 1207, 1214 (E.D. Wash. 2003) (citing Rogers, 352 U.S. at 507). Even if Fugate were primarily responsible for the injury, a jury could still conclude that CSX should be liable under FELA. Thus, CSX's motion for summary judgment as to Fugate's cross-claim is likewise denied, and a jury will apportion damages in accordance with the evidence.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [DN 19] is

**DENIED.**

cc: counsel of record
04cv-077Peters